UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DR. KUMAR BOBBA,<br>         Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Case No. 3:19-30171-MGM |
| GLANEE D. PATEL and DINESH T.<br>  PATEL,<br>         Defendants. | )<br>)<br>)<br>) | |

MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTION
TO AMEND COUNTERCLAIMS
(Dkt. No. 50)

ROBERTSON, U.S.M.J.

This matter is before the court on the motion by the defendants, Glanee and Dinesh Patel ("Defendants") for leave to amend their counterclaims ("Defendants' Motion") (Dkt. No. 50). Defendants seek leave to drop their counterclaims for fraudulent inducement and for injunctive relief and to add claims for breach of contract, promissory estoppel, and unjust enrichment. Plaintiff Dr. Kumar Bobba ("Plaintiff") opposes the motion principally on grounds of undue delay and prejudice. The court heard argument from the parties on January 20, 2021, and for the reasons set forth below, GRANTS Defendants' Motion.

I.     B<small>ACKGROUND</small>

Plaintiff, who is self-represented, filed this action on December 20, 2019 alleging breach of contract, breach of the covenant of good faith and fair dealing, and breach of express and implied warranties (Dkt. No. 1). He filed an amended complaint on January 10, 2020 adding claims of promissory estoppel, quantum meruit, unjust enrichment, and threatening and omitting the claims of breach of express and implied warranties (Dkt. No. 8). Defendants filed their initial answer and counterclaims on February 10, 2020, alleging as counterclaims fraudulent

1

inducement, fraud, and violations of Mass. Gen. Laws ch. 93A and seeking injunctive relief pursuant to Mass. Gen. Laws ch. 266, § 91 (Dkt. No. 16). Defendants' proposed Answer to Amended Complaint and Amended Counterclaims drops the claim of fraudulent inducement and the request for injunctive relief and seeks to add claims for breach of contract, promissory estoppel, and unjust enrichment (Dkt. No. 50-1).

Based largely Plaintiff's insistence that the case proceed rapidly, on March 19, 2020, the court entered an initial schedule that called for the completion of non-expert discovery by July 30, 2020 (Dkt. No. 32). This was, in retrospect, particularly ambitious in light of the challenges posed by the pandemic. The schedule did not include a deadline by which motions for leave to amend a pleading should be filed (Dkt. No. 32). On August 5, 2020, after hearing, the court granted Defendants' motion for an extension of time to October 28, 2020 for the completion of non-expert discovery (Dkt. No. 36). Defendants' Motion was filed on October 13, 2020, some two weeks before the expiration of the time for completion of non-expert discovery.[1]

II.     Discussion

1. Standard of Review

> A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. A plaintiff is permitted to amend a complaint once as a matter of right prior to the filing of a responsive pleading by the defendant. Fed. R. Civ. P. 15(a). Thereafter, the permission of the court or the consent of the opposing party is required. The default rule mandates that leave to amend is to be "freely given when justice so requires," *id.*, unless the amendment "would be futile, or reward, *inter alia,* undue or intended delay." *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994).
>
> As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by

---

[1] Completion of discovery has been complicated by discovery disputes between the parties, some of have been ruled upon and some of which were heard on January 20, 2020 and remain pending as of the date of this Memorandum and Order (Dkt. Nos. 38, 51, 58, 65).

>the more demanding "good cause" standard of Fed. R. Civ. P. 16(b).  *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154-155 (1st Cir. 2004).  This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party opponent.  *Id.*

*Steir v. Girl Scouts of the USA,* 383 F.3d 7, 11-12 (2004) (footnote omitted); *see also Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013).

As of October 13, 2020, the date on which Defendants' Motion was filed, the parties had not taken depositions (Dkt. Nos. 50 at 2, 57 at 2-3).  No deadline has been set for the filing of dispositive motions.  "[G]iven the totality of the circumstances[, including the status of non-expert discovery and the lack of a firm deadline for the filing of motions for leave to amend], the court reviews [Defendants' Motion] for leave to amend pursuant to the standards governed by Rule 15(a)."  *Elliott-Lewis v. Abbott Labs., Inc.*, Civil Action No. 14-cv-13155-IT, 2017 WL 1826627, at *2 (D. Mass. May 5, 2017).

Plaintiff argues that Defendants' Motion should be denied based on undue delay insofar as Defendants knew or should have known about the bases of their proposed breach of contract claim and the related equitable claims when they initially responded to Plaintiff's amended complaint.  He contends that Defendants knew the rates they agreed to, the services they contracted for, and the time Plaintiff spent counseling their children before Plaintiff brought suit and they were informed as to Plaintiff's contentions on these points by the allegations in the amended complaint (Dkt. No. 57 at 5-6).  Defendants are not precise in identifying documents or other new information they claim to have received in discovery, *contrast Pedersen v. Fairpoint Comm'ns, Inc.*, No. 2:17-cv-00389-GZS, 2018 WL 1244148, at *3 (D. Me. Mar. 9, 2018) (plaintiff identified specific documents she received in discovery on which she based her motion for leave to amend), but they assert that they have reviewed "previously unprovided information regarding the hourly rate Plaintiff claims to charge for certain tutoring and college readiness

3

services, as well as the number of hours Plaintiff alleges he provided such services [to Defendants' children]" (Dkt. No. 50 at 2).  At Plaintiff's request, the time for him to respond to Defendants' discovery requests was extended to September 24, 2020 (Dkt. No. 46).  Defendants' Motion was filed on October 13, 2020, less than three weeks after the date by which Plaintiff was required to provide his discovery responses.  Where the court did not set a deadline for the filing of motions for leave to amend pleadings, a party files a motion for leave to amend within three weeks of receiving relevant discovery, no deadlines have been set for the filing of dispositive motions, and no trial date has been set, there has been no undue delay, and no reason to deny leave to amend an operative pleading on this basis.  *Contrast, e.g., Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 391 (1st Cir. 2013) (the trial court properly denied a motion for leave to amend an operative pleading where the party seeking relief waited nine months to file the motion; collecting and contrasting cases).

      Plaintiff's claims of prejudice are equally unpersuasive in the circumstances of this case.  The court does not agree with Plaintiff that the addition of new claims will substantially complicate the case and likely require that discovery be reopened.  First, the breach of contract, promissory estoppel, and unjust enrichment claims Defendants propose to add by amending their counterclaims are closely related.  "Promissory estoppel 'is meant for cases in which a promise, not being supported by consideration, would be unenforceable under conventional principles of contract law.'"  *Carando Gourmet Frozen Foods Corp., Inc. v. Axis Automation, LLC*, 458 F. Supp. 3d 60, 74 (D. Mass. 2020) (quoting *All-Tech Telecom, Inc. v. Amway Corp.*, 174 F.3d 862, 869 (7th Cir. 1999)) (applying Wisconsin law).  Contract and promissory estoppel claims are mutually exclusive.  *Id.*  "Similarly, the doctrine of unjust enrichment, which prevents a party from receiving a benefit without paying for it, 'does not apply where the parties have entered

4

into a contract.'" *Id.* (quoting *Greenlee v. Rainbow Auction/Realty Co.*, 553 N.W.2d 257, 265 (Wis. 1996)); *see also, generally, Karter v. Pleasant View Gardens, Inc.*, 248 F. Supp. 3d 299 (D. Mass. 2017) (addressing the relationship between breach of contract, promissory estoppel, and unjust enrichment claims under Massachusetts law in a ruling on the defendants' motion to dismiss). The proposed amendments to Defendants' counterclaims assert alternative theories of recovery and do not represent the sweeping expansion of the case posited by Plaintiff (Dkt. No. 57 at 3).

Second, it is not unusual for a party to add claims, particularly claims that are related to those it has already asserted, based on information the party acquires in discovery. *See, e.g., Pedersen*, 2018 WL 1244148, at *3-4 (citing cases); *Perry v. Rose*, Civil Action No. 10-10769-JGD, 2012 WL 3903475, at *4 (D. Mass. Sept. 6, 2012).

Third, as to Plaintiff's contention that defense will be more onerous if the counterclaims are amended, the terms of the contract, if any, between Plaintiff and Defendants were raised in Plaintiff's amended complaint. Plaintiff's claims are based on his allegations that, after negotiation, Defendants contracted for certain services that he was to provide at agreed-upon prices, that he provided those services, and that he was not paid for all of the services he provided pursuant to the parties' agreements. The negotiations between the parties, the terms and conditions of any agreement(s) they reached, the services that Plaintiff provided, and the payments Defendants made and did not make to Plaintiff were (or certainly should have been) the focus of the discovery that the parties have conducted. The primary factual and legal issues raised by Defendants' proposed new counterclaims depend on the same communications and events as do the claims raised by Plaintiff. *See Pedersen*, 2018 WL 1244148, at *3 (in ruling on a motion for leave to amend an operative pleading, a court should consider whether the proposed

amendments would substantially alter the allegations before the court); *Cooper v. Charter Comm'ns Entm'ts I, LLC*, Civil No. 3:12-10530-MGM, 2015 WL 1943858, at *6 (D. Mass. Apr. 28, 2015) (granting leave to amend the operative complaint when the primary legal issues raised by the amended complaint were raised by the existing operative complaint). Defendants have not suggested that additional discovery will be needed if they are permitted to amend their counterclaims. At the hearing on Defendants' Motion, Plaintiff was asked repeatedly what additional discovery he would need to take if the court granted Defendants' Motion. He could not point to any specific issue on which he would require additional information to defend against Defendants' claims that he failed to comply with the parties' agreements, misrepresented the services he could offer, or was unfairly compensated for the services he provided. *See Klunder v. Brown Univ.*, 778 F.3d 24, 35 (1st Cir. 2015) (rejecting claim of prejudice where the plaintiff failed to explain how an amendment to assert a new defense would have impacted his discovery strategy).

"Amendment of pleadings is largely a matter within the discretion of the district court." *Guest-Tek Interactive Entm't Inc. v. Pullen*, 731 F. Supp. 2d 80, 92 (D. Mass. 2010) (citing *Farkas v. Texas Instruments, Inc.*, 429 F.2d 849, 851 (1st Cir. 1970)). Defendants' amended counterclaims arise from the same nucleus of operative facts as do Plaintiff's claims. *See Lukas v. United States*, 133 F. Supp. 3d 284, 288 (D. Mass. 2015) (granting plaintiff's motion for leave to amend the complaint to add a new party and a loss of consortium claim). The court does not find undue delay where Defendants' Motion for leave to amend their counterclaims was filed within three weeks of Plaintiff providing his responses to Defendants' written discovery requests. Further, Plaintiff has not identified any additional discovery that would be necessitated

by Defendants' proposed amendments to their counterclaims. For the foregoing reasons, Defendants' Motion is granted.

    III.    <u>C<small>ONCLUSION</small></u>

Defendants' Motion (Dkt. No. 50) is GRANTED. Defendants are directed to file Defendants' Answer to Amended Complaint and Amended Counterclaims, indicating in the caption of the document the date on which leave to file was granted.

It is so ordered.

Dated: May 4, 2021                                       <u>Katherine A. Robertson</u>
                                                                    KATHERINE A. ROBERTSON
                                                                    U.S. MAGISTRATE JUDGE