UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DR. KUMAR BOBBA,            )
      Plaintiff,          )
                          )
        v.             )       Civil Case No. 3:19-30171-MGM
                          )
GLANEE D. PATEL and DINESH T.  )
PATEL,                )
      Defendants.      )

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY RESPONSES OF DEFENDANTS AND DEFENDANTS' MOTION
TO COMPEL DISCOVERY RESPONSES OF PLAINTIFF/DEFENDANT-IN-
COUNTERCLAIM KUMAR BOBBA
(Dkt. Nos. 58, 65)

I.      Introduction

Before the court are a motion by the defendants and plaintiffs-in-counterclaim Glanee D.

Patel and Dinesh T. Patel ("Defendants") to compel further discovery responses from plaintiff

and defendant-in-counterclaim Dr. Kumar Bobba ("Plaintiff") (Dkt. No. 58) and Plaintiff's

motion to compel further discovery responses from Defendants (Dkt. No. 65).  Plaintiff is self-

represented in the instant action.  For the reasons set forth below, Defendants' motion is denied

and Plaintiff's motion is granted in part and denied in part.  No fees or costs to either party.

II.      The Parties' Allegations[1]

Plaintiff operates ClarityEd, an entity that provides test preparation courses for college

entrance and other academic examinations and college admission advisory services (Compl. ¶ 7).

According to Plaintiff, Defendants hired Plaintiff to provide SAT preparation services for their

son, R.P.  After R.P. took the SAT, Defendants hired Plaintiff to tutor R.P. in A.P. Physics and

---

[1] The factual allegations are drawn from Plaintiff's amended complaint (Dkt. No. 8, hereinafter, "Compl.") and Defendant's answer to the amended complaint and amended counterclaims (Dkt. No. 73, hereinafter "Ans." or "Countercls.").

Calculus and for college admissions advisory services for R.P. (Compl. ¶ 10). They also hired Plaintiff to tutor their daughter, D.P., in mathematics and English. (Compl. ¶ 10). Plaintiff's practice with new clients was to enter into an agreement and require payment in advance of providing services. If the client then requested additional services, Plaintiff generally entered into an oral agreement with the client as to the additional services to be provided (Compl. ¶ 11). According to Plaintiff, Defendants agreed to pay him $6,000 for college admissions advisory services for each of the sixteen colleges or universities to which R.P. applied. He alleges that Defendants have not paid the resulting fee of $96,000 (Compl. ¶ 15). Plaintiff alleges that Defendants owe him an additional $4,200 for other academic services he provided to R.P. and D.P. in March 2018 (Compl. ¶16).

Defendants admit that they hired Plaintiff for SAT preparation and AP physics tutoring for R.P. and English tutoring for D.P. According to Defendants, the parties orally agreed on a flat fee for SAT and subject preparation services and an hourly rate of $65 for tutoring and other services, such as college admissions advisory services (Ans. ¶¶ 10, 14; Countercls. ¶¶ 33-34). They further allege that Plaintiff refused to provide a written agreement or invoices for his services and insisted on being paid in cash (Countercls. ¶¶ 35, 36, 40). According to Defendants, they paid Plaintiff a total of $43,900 for his services, of which $36,200 was paid in cash and $7,700 by check (Countercls. ¶ 44). In or around March 2018, Plaintiff met with Defendants and their son and told them he could guarantee R.P. admission to MIT for $150,000 (Countercls. ¶ 50). Defendants cut their ties with Plaintiff after this meeting (Countercls. ¶ 51). Defendants allege that Plaintiff misrepresented the human and brick and mortar resources of ClarityEd by means of the ClarityEd website and that he overcharged them for his services under the terms of the parties' agreements (Countercls. ¶¶ 13, 17, 20, 21, 24, 45).

III.   <u>Analysis</u>

   A.   <u>Standard of Review</u>

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Discovery is subject to limitations set forth in Rule 26, "such as proportionality and duplication." *TG Plastics Trading Co. v. Toray Plastics,* No. C.A. 09-336S, 2010 WL 936221, at *1 (D.R.I. Mar. 12, 2010).  "'The party seeking information in discovery over an adversary's objection has the burden of showing its relevance.'"  *Id.* at *2 (quoting *Caouette v. Officemax, Inc.*, 352 F. Supp. 2d 134, 136 (D.N.H. 2005)).

   B.   <u>Defendants' Motion to Compel</u>

Defendants' motion seeks to compel: (1) the production in native form, with metadata, of emails and spreadsheets produced by Plaintiff; and (2) inspection of the originals of handwritten documents copies of which Plaintiff produced (Dkt. No. 58 at 1).  Defendants justify these requests as being for the purpose of testing the authenticity and admissibility of documents Plaintiff has produced.  The court addresses Defendants' requests in turn.

   1.   Production in Native Form

Defendants requested, among other things and in summary, that Plaintiff produce all documents concerning any agreement with Defendants for his provision of services related to the education of R.P. and D.P.; all documents concerning the hours he worked or the services he provided to Defendants or their children; and all documents concerning his requests for payments and the payments he received from Defendants for the services he provided (Dkt. No. 58-1 at 4-5).  Plaintiff produced copies of a number of emails, most of which appear to be emails

between Plaintiff and R.P. (Dkt. No. 58-3 at 2-22). He also produced documents that appear to reflect the time Plaintiff claims he spent providing services to Defendants and their children, including a document captioned "Admissions Advisory for R[.P.]: Time Spent Analysis" (Dkt. No. 58-3 at 23-28) and pages that appear to reflect hours spent tutoring and meeting with the children and their parents (Dkt. No. 58-3 at 29-31). Defendants presume that the documents recording the time Plaintiff claims to have spent providing services were created as spreadsheets and were or are stored electronically. Defendants represent that Plaintiff produced documents in "pdf format" (Dkt. No. 58 at 3). Plaintiff's process for producing documents cannot be discerned from the documents filed with the court. It seems most likely that the emails and so-called spreadsheets were printed (on a date that cannot be discerned), then scanned, resulting in documents in pdf format without metadata, then emailed or mailed to defense counsel. Plaintiff produced documents in advance of his deposition. Defense counsel had the opportunity to ask Plaintiff about the process he used to produce documents and whether the documents were stored electronically. To the extent defense counsel did so, counsel has not informed the court about Plaintiff's responses to those inquiries. It is not clear whether the emails Plaintiff produced are stored electronically. He does state, however, that the documents Defendants have characterized as spreadsheets are not stored in an electronic format (Dkt. No. 62 at 8). He opposes Defendants' motion on various grounds, including but not limited to relevance, Defendants' failure to specify the format in which they wanted documents produced in their document production requests, and the cost and burden of duplicating the document production he has already made (Dkt. No. 62 at 8-9).

Fed. R. Civ. P. 34(b)(1)(C) provides that a document request within the scope of Rule 26(b) "may specify the form or forms in which electronically stored information is to be

produced." "If [,as in this case,] a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and … [a] party need not produce the same electronically stored information in more than one form." Fed. R. Civ. P. 34(b)(2)(E)(ii), (iii). So far as can be determined from the record, in the absence of an instruction to do otherwise, Plaintiff produced documents in either hard copy or by email in pdf format without metadata. In either case, he produced the documents in a usable form as required by the rule. Defendants have pointed to no persuasive or compelling basis for the court to order the "production of already-produced material a second time in a different format …" *Wai Feng Trading Co. Ltd. v. Quick Fitting, Inc.*, C.A. No. 13-33WES, C.A. No. 13-56WES, 2019 WL 118412, at *11 n.24 (D.R.I. Jan. 7, 2019) (with the exception of two items, the magistrate judge and the district judge refused to order a second production of already-produced electronically stored material where the requesting party failed to specify a format for production in its document requests), nor have they cited any authority from any court that would support their request. For these reasons, this aspect of Defendants' motion to compel is denied.

2.   Inspection of documents

It appears from the emails attached to Defendants' motion to compel that they asked Plaintiff to do more than make documents available for inspection. Instead, they asked Plaintiff to "mail to [Defendants'] expert original documents [Plaintiff] previously produced copies of in discovery" or "provide a justification for [his] refusal" of this request (Dkt. Nos. 58-5 at 3, 58-6 at 3, 58-7). In a subsequent email, defense counsel clarified that this request applied only to the handwritten invoices, copies of which Plaintiff had produced (Dkt. No. 58-7 at 3). While it is true that counsel generally cooperate in expert inspection and testing of original material in

remote locations in products liability cases, Defendants have pointed to no authority that would justify a court order requiring anything more than a hand-writing expert's in-person inspection of documents at a mutually convenient location on a mutually convenient date at a mutually convenient time. The court is aware of none. Further, Defendants have not explained their reasons for seeking to require Plaintiff to make the original invoices available for expert analysis. It does not appear that Defendants challenge the authorship of the handwritten invoices, which is a common basis of expert testimony by a handwriting expert. These are not official governmental documents whose authenticity may be subject to challenge as a forgery or on some other basis. *Cf. Bourne v. Town of Madison*, Civil No. 05-cv-365-JD, 2007 WL 1447672, at *4-5 (D.N.H. May 9, 2007) (the district court held that a handwriting expert is not qualified to testify as a document examiner). At this stage, Defendants have not established the relevance of the relief they seek. Accordingly, this aspect of Defendants' motion to compel is denied without prejudice.

                C. <u>Plaintiff's Motion to Compel</u>

       1. Defendant Glanee Patel's planner

Plaintiff's motion seeks to compel the production of a document he refers to as "Planner of Glanee Patel" (Dkt. No. 65 at 3). According to Defendants, Glanee Patel provided her so-called planner to defense counsel, who compiled information from its contents concerning the services allegedly provided by Plaintiff and payments Defendants made to him. Thereafter, the planner was lost or destroyed (Dkt. No. 65 at 9-10). Defendants have not produced a copy of the planner, which, defense counsel state, Defendants cannot locate. Defendants declined to produce defense counsel's notes made from the planner on the grounds of work product protection (Dkt. No. 65 at 9). At the hearing on Plaintiff's motion, the court ordered Defendants to produce the

material defense counsel prepared based on defendant Glanee Patel's planner.  The basis for the court's ruling was that Plaintiff was "entitled to production of … 'fact' work product because [he] has demonstrated both that [he] has a substantial need for the document[] and is unable to obtain substantially equivalent information …," *Bryan Corp. v. Chemwerth, Inc.*, 296 F.R.D. 31, 42 (D. Mass. 2013), because Defendants represent that they have lost this critical evidence.  On the current state of the record, it makes little sense for the court to order Defendants to produce the planner where Defendants have represented that they do not have the document in their possession, custody, or control.  *See, e.g., Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 637 (D. Minn. 2000) (the court will not order a party to produce documents that the party represents it does not have in its possession, custody, or control).  Of course, if Defendants locate the planner, they must promptly produce a copy of the document to Plaintiff, who may be entitled to further relief based on the tardy production of relevant evidence.

Plaintiff further contends that, in view of Defendants' failure to produce a document that Defendants had in their possession at a time when they knew it was highly relevant to pending litigation and when they knew or should of known about their obligation to retain such evidence, the court should impose sanctions for spoliation.  There may well be a basis for a sanction against Defendants for spoliation of evidence based on Defendants' failure to preserve and produce the planner.  *See, e.g., E.E.O.C. v. Chipotle Mexican Grill*, 98 F. Supp. 3d 198, 209 (D. Mass. 2015) (setting forth the standard for imposing sanctions for the spoliation of evidence; addressing the destruction of a videotape that was the basis for the termination of the plaintiff's employment).  Such sanctions could include exclusion of all evidence based on the contents of the planner and/or an instruction that the contents of the planner would have been favorable to Plaintiff's case.  *See id.*  In the court's view, however, whether any such sanction should be

imposed and, if so, what that sanction should be, are questions best left for the presiding judge to address at the time of trial. Accordingly, so much of Plaintiff's motion as seeks the imposition of sanctions for spoliation is denied without prejudice to a renewal of the request by motion in advance of trial.

2. Bank statements

Plaintiff's document request 2 asked for all documents reflecting payments from Defendants to Plaintiff (Dkt. No. 65 at 6).[2] Plaintiff asserts that he is entitled to copies of Defendants' bank statements showing withdrawals made for Defendants' cash payments to him (Dkt. No. 65 at 6-8). Defendants have produced bank records reflecting payments they made to Plaintiff by check (Dkt. No. 67 at 3). They dispute the relevance of bank records reflecting cash withdrawals because such records will not show the reason or reasons Defendants withdrew cash from their accounts, their purpose in making any such withdrawals, or the use they made of any cash that they withdrew from their accounts (Dkt. No. 67 at 3). Defendants' contention that their production of further bank records will not reveal information that is relevant to the dispute between the parties is persuasive. Accordingly, this aspect of Plaintiff's motion is denied.

3. Information of R.P.

Plaintiff requests that the court order Defendants to produce information related to R.P.'s college applications on R.P.'s laptop and on the third-party electronic platforms of Naviance, Common App and MIT, as well as R.P.'s "planner," emails between R.P. and his guidance counselor from July 2017 through March 2018 and emails between R.P. and his AP physics and

---

[2] Plaintiff's document request 34 was for copies of all of Defendants personal and business bank statements from March 1, 2016 through May 1, 2018 (Dkt. No. 65 at 22). It does not appear that Plaintiff presses this request by his motion to compel. This request is overbroad and is not proportional to the needs of the case and seeks documents that are not relevant to the parties' claims and defenses. Defendants' objections to this request are justified.

calculus teachers (Dkt. No. 65 at 3).  Pursuant to Fed. R. Civ. P. 34(a)(1), a party may request that an opposing party produce documents in the opposing party's possession, custody, or control.  "Control is not limited to actual physical possession of a document."  *Merchia v. U.S. I.R.S.*, 336 F.R.D. 396, 398 (D. Mass. 2020) (citing *Known Litig. Holdings, LLC v. Healy*, C.A. No. 13-052ML, 2014 WL 11633685, at *1 (D.R.I. June 12, 2014).  A document is considered to be under a party's control when that party has "'the right, authority or practical ability to obtain the documents from a non-party to the action.'"  *Known Litig Holdings, LLC*, 2014 WL 11633685, at *1 (quoting *Bush v. Ruth Chris Steak House, Inc.*, 286 F.R.D. 1, 5 (D.D.C. 2012)); *see also In re NTL, Inc. Secs. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007) (quoting *Bank of N.Y. v. Meridien BIAO Bank Tanzania LTD.*, 171 F.R.D. 135, 146-47 (S.D.N.Y. 1997)) ("'control does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority or practical ability to obtain documents from a non-party to the action'").  R.P. is a third party to this action.  Defendants allude in passing to the question of whether, as a matter of law, they can be deemed to have possession, custody, or control of R.P.'s information (Dkt. No. 67 at 6), but they do not cite to the relevant authority defining the meaning of "control," nor do they deny that they have the practical ability to obtain documents from R.P. for purposes of this litigation.  In the absence of any developed argument to the contrary, the court concludes that Defendants have "control" over information relevant to this case that is in R.P.'s possession, custody, or control to the extent such information exists.

It was represented at the hearing on Plaintiff's motion that the laptop R.P. was using prior to March 2018, when Plaintiff ceased providing services to Defendants' children, was damaged or destroyed by accident before Plaintiff filed suit.  According to Plaintiff, R.P. so testified at his

deposition.  According to Plaintiff, R.P. also testified that he deleted email exchanges with Plaintiff, had no emails or other documents in his possession, custody, or control responsive to Plaintiff's document production requests, and that he had an iCloud account.  Defendants have not represented that they have searched R.P.'s iCloud account for documents responsive to Plaintiff's document production requests.  Plaintiff contends that even if R.P.'s laptop was damaged or destroyed, his data would or might be backed up to the iCloud account and that Defendants should be required to produce copies of text or email communications between R.P. and Plaintiff, R.P.'s college applications, and R.P.'s communications with teachers and other staff members at R.P.'s school concerning R.P.'s educational program that are stored in R.P.'s iCloud account.

Plaintiff claims that Defendants agreed to pay him $6,000 for his assistance with applications to each of the sixteen colleges and universities to which R.P. applied.  Information bearing on the extent of the work Plaintiff performed in assisting R.P. with preparation and submission of his college applications may have some tendency to show the amount Defendants had agreed to pay for those services.  Such information is therefore relevant to Plaintiff's claims.  To the extent such information exists in R.P.'s iCloud account, Plaintiff is entitled to its production.  To the extent the iCloud account contains emails exchanged between Plaintiff and R.P., records establishing the dates and lengths of R.P.'s meetings with Plaintiff, or records of R.P.'s communications about Plaintiff with either of R.P.'s parents, Plaintiff is also entitled to their production.

As to Plaintiff's other requests for information from R.P., it is a step too far to require R.P., who is not a party to this case, to seek information from third parties, such as Naviance, Common App, MIT, his former teachers, or his former school (which, with Defendants'

cooperation, has already produced documents in its possession that are responsive to Plaintiff's subpoena).  Accordingly, so much of Plaintiff's motion as seeks to require production of R.P.'s data on Naviance, Common App, or the MIT platform or R.P.'s communications with his guidance counselor and his private school teachers is denied.

Plaintiff's requests for D.P.'s school records and exam results are denied (Dkt. No. 65 at 19-20).  Plaintiff has not shown that documents tending to show D.P.'s academic aptitude are sufficiently relevant to the claims in the case to warrant their production.  To the extent defendant Glanee Patel has documents in her possession, custody, or control that have not been produced showing communications with Plaintiff or with D.P.'s school about arranging for a mathematics examination to be conducted at D.P.'s school, such documents should be produced because they are records that Plaintiff claims are relevant to show that he provided services for which he was not paid (Dkt. No. 65 at 20-21).

Finally, Plaintiff's interrogatory number 5 asked Defendants to identify all tutors or educational services for R.P. or D.P. that Defendants hired or consulted from 2008, identify the nature of the services and the child for whom the services were provided, and state the method of payment for the services (Dkt. No. 65 at 25).  That Defendants may have hired other individuals or entities to provide educational services for their children is not relevant to the terms of the agreement or agreements between the parties to the instant case.  Where Plaintiff has not demonstrated the relevance of the information he seeks by his interrogatory number 5, this aspect of his motion to compel is denied.

IV.   Conclusion

For the foregoing reasons, Defendants' motion to compel discovery is DENIED (Dkt. No. 58).  So much of Defendants' motion as seeks to compel inspection of original documents

denied without prejudice; the remainder of the motion is denied with prejudice.  Plaintiff's

motion to compel discovery is GRANTED in part and DENIED in part (Dkt. No. 65).  Plaintiff's

motion is granted insofar as the motion seeks production of counsel's notes made from defendant

Glanee Patel's planner; documents, if any, reflecting Glanee Patel's communications with D.P.'s

school about scheduling a mathematics examination at the school; and, to the extent set forth in

this Memorandum and Order, information, if any, stored in R.P.'s iCloud account.  Plaintiff's

request for sanctions for spoliation of evidence is denied without prejudice.  In all other respects,

Plaintiff's motion is denied with prejudice.

Defendants will produce additional documents as required by this Memorandum and

Order by no later than June 4, 2021.  No fees or costs to either party.

It is so ordered.

Dated: May 12, 2021                                    Katherine A. Robertson
                                                       KATHERINE A. ROBERTSON
                                                       U.S. MAGISTRATE JUDGE


Granting in part and denying in part the plaintiff's Motion to Compel Discovery Responses of

Defendants.